OPINION
{¶ 1} On May 8, 1985, appellee, Michael Dissinger, and Teresa Kannaird were divorced. The parties had a daughter, Chastity Dissinger, born October 20, 1977. The decree ordered appellee to pay $30.00 per week for child support and $5.00 per week toward a child support arrearage.
 {¶ 2} On March 21, 1996, the trial court issued an order terminating appellee's child support obligation as Chastity had reached the age of majority and had withdrawn from high school. Appellee's last child support obligation was November 10, 1995. The trial court ordered appellee to pay $40.00 per week toward a $10,982.70 arrearage.
 {¶ 3} On October 26, 2001, the Delaware County Grand Jury indicted appellee on one count of nonsupport in violation of R.C. 2919.21. Appellee filed a motion to dismiss on December 28, 2001. A hearing was held on January 22, 2002. By judgment entry filed January 31, 2002, the trial court dismissed the indictment, finding the legislature's intent did not provide for prosecution under R.C. 2919.21 for nonpayment of an "arrearage only" child support order.
 {¶ 4} Appellant, the State of Ohio, filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
I
 {¶ 5} "THE COURT SUB JUDICE COMMITTED PREJUDICIAL ERROR WHEN IT RULED THAT THE OHIO GENERAL ASSEMBLY DID NOT INTEND FOR OHIO REVISED CODE § 2919.21(B) TO ALLOW FOR THE PROSECUTION OF PERSONS WHO VIOLATE A COURT ORDER TO PAY A CHILD SUPPORT ARREARAGE."
 I {¶ 6} Appellant claims the trial court erred in dismissing the indictment. Specifically, appellant claims the trial court erred in finding the legislature's intent did not provide for prosecution under R.C. 2919.21 for nonpayment of an "arrearage only" child support order. We agree.
 {¶ 7} R.C. 2919.21 governs the offense of nonsupport of dependents. Subsection (B) states "[n]o person shall abandon, or fail to provide support as established by a court order to, another person whom, by court order or decree, the person is legally obligated to support."
 {¶ 8} It is undisputed that appellee's only obligation that remained after his daughter was emancipated "was his obligation to pay the arrearages that had accumulated during her minority." T. at 4. Defense counsel argued the obligation was a civil obligation, "subject to being reduced to judgment and an attachment of property or earnings or executed in any other manner" as opposed to a criminal matter. T. at 4-6. Both parties agreed the subject of the indictment involved "strictly arrearages." T. at 12.
 {¶ 9} By judgment entry filed January 31, 2002, the trial court dismissed the indictment, finding "that it was not the intention of the legislature of this State to allow prosecution under Revised Code Section2919.21 (B) for an `arrearage only' child support order as presented by the facts of this case." We disagree for the following reasons.
 {¶ 10} From the lack of Ohio case law on this issue, this appears to be a case of first impression. Appellee argues R.C. 2919.21 does not contemplate prosecution for "arrearage only" cases as an arrearage order does not create a legal obligation of support. Appellant argues the statute pertains to any valid court order of support.
 {¶ 11} R.C. 2919.21 states no person shall "fail to provide support as established by a court order * * *." Does an "arrearage only" order constitute a court order of support for purposes of R.C. 2919.21? In deciding this issue, we must first determine what constitutes a "support order." In making this determination, we look to the Ohio Revised Code. R.C. Chapter 29 does not define a "support order." R.C. Chapter 3115 covers the Uniform Interstate Family Support Act. Under said chapter, R.C. 3115.01 (B) defines "child support order" as "an order for the support of a child that provides for monetary support, whether current or in arrears * * *." Subsection (B)(1) further states a child support order includes "[a]n order under which the child has attained the age of majority under the law of the issuing state and amounts for current support are required to be paid, or arrearages are owed, under the order." We acknowledge this definition is a limited definition pertaining to "sections 3115.01 to 3115.59 of the Revised Code" however, this definition demonstrates the legislature's intent of what constitutes a "support order."
 {¶ 12} Based upon the legislature's definition of "child support order' under R.C. 3115.01 (B), we find a support order includes an "arrearage only" order. Therefore, an flarrearage only" order can be the basis of a prosecution under R.C. 2919.21.
 {¶ 13} The sole assignment of error is granted.
 {¶ 14} The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby reversed and remanded.
 {¶ 15} topic: State's appeal -ntrial court held 2919.21 did not pertain to arrearages.
By Farmer, J., and Wise, J. concur.
Hoffman, P.J. dissents.
topic: state-appeal — trial court held that 2919.21did not pertain to arrearages